UNITED STATES of America,
Plaintiff–Appellee,

v.

Darren HARRIS, Defendant–Appellant.

No. 90–5038.

United States Court of Appeals,
Tenth Circuit.

Sept. 11, 1991.

James L. Swartz, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., with him, on the brief), Tulsa, Okl., for plaintiff-appellee.

C.W. Hack of Flowers, Harman, Hack & Finlayson, P.A., Tulsa, Oklahoma, for defendant-appellant.

Before SEYMOUR, MOORE and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Darren Harris and five others were charged with conspiring with each other, and others, from August 1, 1988, to July 20, 1989, in Tulsa, Oklahoma, in violation of 21 U.S.C. § 846 as follows: (1) to knowingly and intentionally distribute a mixture or substance which contained cocaine base, a Schedule II controlled substance, in an amount in excess of fifty grams, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); and (2) to knowingly and intentionally possess with an intent to distribute cocaine in an amount in excess of five hundred grams, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).

Harris was tried jointly with four of the other five defendants and the jury found him guilty of conspiring to knowingly and intentionally distribute in excess of fifty grams of a mixture or substance which contained cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(iii). The district court sentenced Harris under the Sentencing Guidelines to 360 months imprisonment.

The conspiracy for which Harris was convicted allegedly took place from August 1, 1988, to July 20, 1989. Harris was born on June 19, 1971, and became eighteen years of age on June 19, 1989. Before trial, as well as during trial, counsel argued that the district court had no juris-

diction over Harris because he was a juvenile when all acts occurring before June 19, 1989, were committed,[1] and that after June 19, 1989, Harris himself did nothing in furtherance of the conspiracy. The government's position on this matter was that Harris did commit acts in furtherance of the conspiracy *after* reaching his eighteenth birthday. The district court agreed with the government, as do we.

There is much evidence that Harris was a member of the conspiracy from March, 1989, until his eighteenth birthday on June 19, 1989. One Willie Junior Louis testified that he left his apartment in Tulsa, Oklahoma in charge of a girlfriend when he made a trip to Oklahoma City in March, 1989. Louis went on to testify that on his return, he found out that the defendants, including Harris, had moved their "crack cocaine" business into his apartment. According to Louis, during the ensuing five or six weeks the defendants ran their business out of his apartment. Louis described how the defendants, including Harris, would cut up rock cocaine with a razor, sell it directly to customers who came to the door, and give it to "runners" who would then sell it to passing motorists on the nearby streets. Louis further testified that these "runners" would later return to the apartment with the money received from the sales made. Additionally, Louis testified as to some weapons possessed by Harris.

On June 19, 1989, Harris moved from Tulsa, Oklahoma, to Denver, Colorado, his mother desiring to get him out of his poor environment in Tulsa. On July 6, 1989, Harris, however, returned to Tulsa for a visit.

Two foot-patrol officers assigned to the North Tulsa area testified that on July 9, 1989, they saw Harris, Reggie LeRoy (a co-defendant), and others in the vicinity of Louis' apartment complex, flagging down cars, going to the stopped vehicles, putting their hands toward the persons in the car, and then pulling their hands back. One officer testified that in his experience this type of activity indicates "cocaine dealing."[2] Harris was arrested at the time of this incident. No drugs were found on him, although he had some $600 in currency on his person.

We think the testimony of these two officers was sufficient to show participation by Harris in the conspiracy after he became eighteen years of age. Such was also corroborated by the statements made by Ward Price, a leader in the conspiracy, to Officer Witt. In this latter regard, Price, in June and July, 1989, attempted to draw Officer Witt, posing as a "crooked cop," into the conspiracy. In the course of Price's conversations with Officer Witt, many of which were audio-taped, Darren Harris' name was mentioned. We have this date held in companion appeals that Price's statements were in furtherance of the conspiracy. In those conversations Price said that although the conspiracy was a profitable one, there were problems and he offered Witt money in exchange for his assistance.

In *United States v. Cruz*, 805 F.2d 1464 (11th Cir.1986), *cert. denied*, 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 *cert. denied*, 482 U.S. 930, 107 S.Ct. 3215, 96 L.Ed.2d 702 (1987), the Eleventh Circuit held that the district court had jurisdiction to try the defendant, who had been charged with conspiracy to possess cocaine with intent to distribute, even through he was a juvenile at the time he entered into that conspiracy,

---

**1.** 18 U.S.C. § 5032 provides in pertinent part that "[a] juvenile alleged to have committed an act of juvenile delinquency ... shall not be proceeded against in any court of the United States" except when the Attorney General certifies, *inter alia*, that "the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile.... If the Attorney General does not so certify, such juvenile shall be surrendered to the appropriate legal authorities of [the] State." 18 U.S.C. § 5031 defines "juvenile"

as "a person who has not attained his eighteenth birthday...." That same statute defines "juvenile delinquency" as "the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult."

**2.** At trial, all concerned apparently thought that the words "cocaine" and "crack" and the phrase "cocaine base" were synonyms.

since the government had presented evidence from which the jury could infer that the defendant's involvement continued after he turned eighteen. *Id.* at 1475–77. *See also, United States v. Gjonaj,* 861 F.2d 143, 144 (6th Cir.1988); and *United States v. Spoone,* 741 F.2d 680, 687 (4th Cir.1984), *cert. denied,* 469 U.S. 1162, 105 S.Ct. 917, 83 L.Ed.2d 929 (1985). There being evidence that Harris committed acts in furtherance of the conspiracy after attaining the age of eighteen, the district court in the instant case had jurisdiction to try him. Further, the evidence was legally sufficient to support the jury's verdict.

■ Harris' remaining argument in this court is that in imposing sentence the district court did not comply with the Sentencing Guidelines. Prior to sentencing, a presentence report was prepared, and, as required by Fed.R.Crim.P. 32(c)(3), was given Harris and his counsel. Counsel filed several specific objections to statements contained in the presentence report, the first of which was directed at the statement in the presentence report that "the organization was responsible for the distribution of at least seven (7) kilograms of crack-cocaine at various locations in the Tulsa area."[3] In response to those objections, the probation officer filed an addendum in which he basically stood by the challenged statements. At sentencing, the district court listened to the statements of counsel and, in effect, overruled the objections and accepted the report.[4]

On appeal, Harris complains that the district court did not follow the mandate of Fed.R.Crim.P. 32(c)(3)(D), which provides that if a defendant challenges the factual accuracy of statements contained in the presentence report, "the court *shall,* as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing" (empha-

sis added). That same rule also provides that a written record of such finding or determination shall be appended to the presentence report.

From the record before us it would appear that the district court did not make the findings or determinations required by Fed.R.Crim.P. 32(c)(3)(D). In *United States v. Alvarado,* 909 F.2d 1443, 1445 (10th Cir.1990), decided after sentence was imposed in the instant case, we held that Fed.R.Crim.P. 32(c)(3)(D) requires that when a defendant challenges information in his presentence report the district court must either make a factual finding regarding the accuracy of the challenged information or expressly state that in imposing sentence he is not taking into consideration the challenged statement. In *Alvarado* we remanded for resentencing, commenting that such findings or determinations must be made not only for use by the correctional system, but also so that "we know the facts upon which the district judge relie[d]." *Id.* at 1445. *See also United States v. Forker,* 928 F.2d 365 (11th Cir. 1991) (citing *Alvarado* ).

Harris' objections to the presentence report were not perfunctory but were specific. The court did not comply with Fed. R.Crim.P. 32(c)(3)(D) and its counterpart, U.S.S.G. § 6A1.3.

Judgment of conviction affirmed, but sentence is vacated and case remanded for resentencing.

---

**3.** The amount of the drug involved bears on the base offense level. Insofar as our review of the record has revealed, there is no indication, either in the trial transcript or in the presentence report, that Harris was involved in the conspir-

acy in question prior to March, 1989. As indicated, Harris was arrested on July 9, 1989.

**4.** The record before us does not contain the transcript of Harris' sentencing hearing.