993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kipp W. WILSON, Defendant-Appellant.
 No. 92-2129.
 United States Court of Appeals, Tenth Circuit.
 May 10, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Defendant Kipp W. Wilson pled guilty to one count of possession with the intent to distribute more than 500 grams of cocaine in exchange for the government's dismissing the remaining four counts of the indictment. In this appeal, he challenges the sixty-three-month sentence imposed as a consequence of that plea, contending the court erred in failing to depart downward based both on his minor role in the offense under U.S.S.G. § 3B1.2(b) and his substantial assistance to the government under U.S.S.G. § 5K1.1. Finding no error, however, we affirm.
 
 
 2
 Defendant bases his entitlement to the two-level decrease under § 3B1.2(b) on a disparity argument and compares his sentence to that of a coconspirator, Luis A. Valenzuela-Talamantes, who was not actually present at the hand-to-hand buy and, in fact, later received the two-level decrease. While Mr. Valenzuela had substantial ties to the body shop from which the drug operation emanated, defendant adds, the government knew he was addicted to drugs and alcohol and was merely a drone in the operation. Thus, defendant asserts he should have received equal treatment in sentencing by applying the two-level decrease based on his minor participation in the entire scheme.
 
 
 3
 Alternatively, defendant contends the district court failed to make specific factual findings after he raised these objections to the Presentence Report. At a minimum, then, he requests remand to the district court to make the required findings under Fed.R.Crim.P. 32(c)(3)(D). We find nothing in the facts of defendant's case or the law to support either contention.
 
 
 4
 At sentencing, the court adopted the factual findings of the PSR evidencing defendant's negotiating sales and participating in the ultimate hand-to-hand transaction that resulted in his arrest. To the district court, these facts did not reflect defendant's minor role in the offense when added to the PSR's inclusion of information defendant negotiated and supplied various amounts of cocaine over a substantial period of time to undercover agents. The government also apprised the court Mr. Valenzuela had pled guilty to possession of a smaller quantity of cocaine.
 
 
 5
 Surely on this record, the district court's factual findings are not clearly erroneous. United States v. Williams, 923 F.2d 1397, 1404 (10th Cir.1990), cert. denied, 111 S.Ct. 2033 (1991). Defendant's bare assertion his conduct is less culpable than that of a codefendant is insufficient to supply "by a preponderance of the evidence," United States v. McCann, 940 F.2d 1352, 1359 (10th Cir.1991), he is entitled to a downward adjustment. The district court did not err in refusing to apply the two-level decrease.
 
 
 6
 Moreover, what defendant now characterizes as factual inaccuracies he raised to the PSR warranting the district court to make either a finding on the allegations or "a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing under Fed.R.Crim.P. 32(c)(3)(D) is not supported by the transcript of the sentencing hearing. In her interchange with the court, counsel for defendant asked the court to look at the facts of the case and based on those facts decide defendant could be considered a minor participant. Counsel acknowledged defendant's participation in the actual sale and the quantum of evidence of guilt against defendant but argued those did not "establish necessarily that he was any less of a minor participant." Counsel concluded,
 
 
 7
 So the basis of my argument is mainly that in looking at all the relevant conduct, I believe Mr. Wilson is a minor participant himself and especially in light of the fact if Mr. Valenzuela did receive that minor that clearly he's in all fairness entitled to similar consideration.
 
 
 8
 R., Vol. V, 7.
 
 
 9
 This case then differs from United States v. Harris, 944 F.2d 784, 786 (10th Cir.1991), cert. denied, 112 S.Ct. 903 (1992), on which defendant relies. In Harris, defendant made "specific objections to statements contained in the presentence report, the first of which was directed at the statement ... 'the organization was responsible for the distribution of at least seven (7) kilograms of crack-cocaine at various locations in the Tulsa area.' " Id. Because no such factual dispute was placed in issue at defendant's sentencing, the mandate of Fed.R.Crim.P. 32(c)(3)(D) was not triggered. Remand is therefore unnecessary.
 
 
 10
 Finally, defendant contends the court erred in refusing to depart downward based on his substantial assistance to the government because the government had not filed the requisite motion under § 5K1.1. The court relied on Wade v. United States, --- U.S. ----, 112 S.Ct. 1840, 1843-44 (1992), which held "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive."
 
 
 11
 To the district court's statement defendant had not set forth any unconstitutional or other impermissible reasons why the government had not filed the motion, defendant argued and continues to press the contention that allegations of egregious prosecutorial conduct under United States v. Perez, 955 F.2d 34, 35 (10th Cir.1992), provides the basis for corrective action. That the court simply believed it lacked authority to act absent the government's motion without even entertaining the option of conducting a hearing to consider whether the government acted for arbitrary, capricious and bad faith reasons was the root of the error, defendant insists.
 
 
 12
 Again we disagree. Wade establishes "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Id. at 1844. Before the district court were such general allegations of improper motive framed, indeed, by the fact defendant became a fugitive while on bond. None of the predicates warranting the court to act were present in this case. United States v. Lee, --- F.2d ----, 1993 WL 74691 (10th Cir. Mar. 18, 1993).
 
 
 13
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3