**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 1 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

JASON DELATORRE, aka J. Bone,

    Defendant-Appellee,

&

CESAR GONZALES, aka Cougar;
HECTOR GABRIEL LOPEZ, aka
Shaggy; URIEL MARTINEZ, aka Duke;
CESAR JUAREZ, aka Pelon;
GUSTAVO AZCUENAGA, aka Mono;
LUIS DELCID, aka Stranger; ERNEST
GUEVARA, aka Yogi; RUSSELL
BARBOA, aka Chino; JOHN ACOSTA,
aka Lefty; BYRON ZAMORA, aka
Trigger; OSCAR VILLA, aka Wino;
RICHARD ACOSTA, aka Shorty;
ROGER PERCIADO, aka Cartoon;
JAIME VILLA, aka Psycho; CHARLES
TAYLOR, aka Yogie; URIEL
BUSTAMONTE, aka Caps; MICHAEL
MORA, aka M & M; DAVID
GALLARDO, aka Cyclone; NEAL
POLUS, aka Troy Thompson, aka Evil;
FRANK LARA, aka Spooky; MARCOS
MAZZINI, aka Lucky; VINCENT
NAJAR, aka Stalker,

    Defendants.

No. 97-2357

ALBUQUERQUE JOURNAL,

     Intervenor.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 95-CR-538-MV)

Thomas L. English, Assistant United States Attorney (John J. Kelly, United States Attorney and James R.W. Braun, Assistant United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellant.

Jeffrey J. Buckels, Albuquerque, New Mexico, for Defendant-Appellee.

Before **TACHA**, **BALDOCK**, and **KELLY**, Circuit Judges.

**BALDOCK**, Circuit Judge.

According to the third superceding indictment, Defendant-Appellee Jason Delatorre is a member of an Albuquerque street gang engaged in crack cocaine trafficking. The indictment charges Delatorre in nineteen of its forty-eight counts with various gang-related crimes, including murder, attempted murder, improper use of firearms, drug trafficking, racketeering, and conspiracy. At issue in this interlocutory appeal is evidence which the Government wishes to introduce for the purpose of proving Delatorre's guilt on the racketeering and conspiracy charges, but which the district court

2

has disallowed for that specific purpose. The evidence in question relates to the murder of Patrick Garcia, an alleged member of a rival gang shot to death on December 26, 1994. A problem arises because Delatorre was under the age of eighteen when he allegedly participated in the murder of Garcia.

Count one of the third superceding indictment charges Delatorre with a pattern of racketeering activity in violation of RICO, 18 U.S.C. § 1962(c). Count two of the indictment charges Delatorre with conspiracy to engage in a pattern of racketeering activity in violation of RICO, 18 U.S.C. § 1962(d). To establish a pattern of racketeering activity under either subsection (c) or (d) of RICO, the Government must prove, among other things, "at least two" predicate acts of racketeering. Id. § 1961(5). Both counts one and two allege the murder of Patrick Garcia as one of seven predicate acts which Delatorre allegedly committed in furtherance of the pattern.

Count three of the third superceding indictment charges Delatorre with conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846. Although the Government need not prove an overt act to establish a conspiracy under § 846, the jury may "infer an agreement constituting a conspiracy from the acts of the parties . . . indicating concert of action for the accomplishment of a common purpose." United States v. Carter, 130 F.3d 1432, 1439 (10th Cir. 1997), cert. denied, 118 S. Ct. 1856 (1998) (internal quotations omitted). Count three alleges the murder of Patrick Garcia as one of seven overt acts which Delatorre allegedly committed in furtherance of the

conspiracy.

Delatorre filed a motion in limine asking the district court to exclude any evidence of his alleged participation in Garcia's murder. According to Delatorre, the Government could not introduce such evidence without first meeting the transfer requirements of the Juvenile Delinquency Act (JDA), 18 U.S.C. §§ 5031-42, because he was under eighteen at the time of the homicide. The district court agreed in part, ruling that the Government could not introduce evidence of Delatorre's alleged participation in Garcia's murder for the purpose of proving his guilt on the racketeering or conspiracy charges. The district court reserved ruling, however, on whether the Government could introduce such evidence to show relevant prior conduct under Fed. R. Evid. 404(b). The district court also reserved ruling on whether the Government, which seeks the death penalty against Delatorre for his role in another murder charged in the indictment, could introduce evidence of Garcia's murder at any penalty phase of trial to show future dangerousness. In reserving ruling on the latter two questions, the court stated that it was unable to properly consider the admissibility of the evidence until the Government made a proffer indicating what evidence it intended to introduce and what such evidence tended to establish.

The Government appealed pursuant to 18 U.S.C. § 3731. Section 3731 allows the Government to take an interlocutory appeal–

> from a decision or order of the district court suppressing or excluding evidence . . . , not made after the defendant has been put in jeopardy and

4

> before the verdict . . . on an indictment or information, if the United States Attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

Id. § 3731. Subsequently, Delatorre filed a motion asking us to dismiss the Government's appeal for lack of jurisdiction. Delatorre argues that because the district court's order does not suppress or exclude evidence of Delatorre's participation in Garcia's murder for all purposes, but only for the purpose of proving his guilt on substantive elements of the crimes, we lack jurisdiction under § 3731 to decide the Government's appeal.

Reviewing the legal questions involved in this appeal de novo, United States v. Oberle, 136 F.3d 1414, 1423 (10th Cir. 1998), we conclude that we have jurisdiction over this appeal under § 3731, and reverse the district court's decision disallowing evidence of Garcia's murder for the purpose of proving Delatorre's guilt on either the racketeering or conspiracy charges.

I.

We address the jurisdictional issue first. Congress enacted 18 U.S.C. § 3731 to provide the Government a limited right of appeal in criminal cases. While a presumption against Government appeals in criminal cases historically existed, today the Government may initiate an appeal if the Constitution permits and specific statutory authority so provides. See United States v. Carrillo-Bernal, 58 F.3d 1490, 1494-1497 (10th Cir. 1995) (examining § 3731 from a historical perspective). The legislative history of the Criminal Appeals Act of 1970, Pub. L. No. 91-644, 84 Stat. 1890 (1971), makes clear that in

5

enacting § 3731, Congress intended to permit the Government to appeal "from all suppressions and exclusions of evidence in criminal proceedings except those ordered during trial of an indictment or information." S. Rep. No. 91-1296, at 18 (1970) (emphasis added).

Because the district court, in a proper exercise of its discretion, reserved ruling on whether the Government could introduce evidence of Delatorre's participation in Garcia's murder for a purpose specified in Fed. R. Evid. 404(b), or for the purpose of showing future dangerousness in any penalty phase of Delatorre's trial, the Government does not contend we have jurisdiction under § 3731 to decide those questions. This is because § 3731 provides only for appeals from district court orders "suppressing or excluding evidence." 18 U.S.C. § 3731. A district court order that properly reserves ruling on evidentiary issues neither suppresses nor excludes evidence. See United States v. Roberts, 88 F.3d 872, 882-884 (10th Cir. 1996). As we noted in Roberts: "In a prosecutor's perfect world, district courts would make all their evidentiary rulings prior to trial to enable the government to appeal pursuant to 18 U.S.C. § 3731. However, pretrial evidentiary rulings are neither always advisable nor even possible." Id. at 884.[1]

_____

[1] In Roberts, we cautioned that a district court may not properly defer evidentiary rulings until trial in every instance: "For example, when it is clear from the record that the district court has deferred its decision for the purpose of insulating its ruling from an appeal by the government, we have the authority to intervene to ensure that the government's right to appeal is not adversely affected." 88 F.3d at 884 n.5 (internal quotations and brackets omitted). See also Fed. R. Crim. P. 12(e).

Yet it does not follow that we lack jurisdiction under § 3731 to decide the propriety of the district court's order excluding evidence of Delatorre's participation in Garcia's murder for the purpose of proving his guilt on the racketeering and conspiracy charges. Section 3731 plainly provides for appeals from district court orders "suppressing or excluding evidence . . . not made after the defendant has been put in jeopardy." 18 U.S.C. § 3731. Delatorre argues that because the district court reserved ruling on whether evidence of Garcia's murder was admissible to show prior relevant conduct under Fed. R. Evid. 404(b), or to prove future dangerousness at any penalty phase of trial, its order does not suppress or exclude evidence. Delatorre effectively asks us to add to § 3731's plain language the requirement that an order suppressing or excluding evidence must do so for all purposes. Such a construction however, would contravene not only § 3731's plain language, but also Congress' express desire to allow Government appeals from all pretrial orders suppressing or excluding evidence in criminal proceedings. S. Rep. No. 91-1296, at 18. See United States v. Wilson, 420 U.S. 332, 337 (1975) ("[T]he legislative history [of § 3731] makes it clear that Congress intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit."). In this case, the district court entered an order excluding evidence, albeit for a specific purpose, before Delatorre was put in jeopardy. This is sufficient to satisfy the jurisdictional requirement of § 3731. Accordingly, we deny Delatorre's motion to dismiss the Government's appeal for lack of

7

jurisdiction and proceed to the merits.

## II.

At the outset, the district court properly recognized that the Government could proceed against Delatorre in federal court without complying with the JDA. See United States v. Welch, 15 F.3d 1202, 1207-10 (1st Cir. 1993) (JDA inapplicable where indictment charged a conspiracy spanning defendants' eighteenth birthdays). No circuit has applied the JDA to an adult conspiracy or racketeering prosecution simply because defendant's participation in the crimes began prior to his eighteenth birthday. See United States v. Harris, 944 F.2d 784, 784-86 (10th Cir. 1991) (where defendant committed acts in furtherance of a drug conspiracy before and after his eighteenth birthday, district court had jurisdiction to try him as an adult without complying with the JDA); United States v. Wong, 40 F.3d 1347, 1364-66 (2d Cir. 1994) (where defendant committed predicate acts of racketeering before and after his eighteenth birthday, district court had jurisdiction to try him as an adult without complying with the JDA). Indeed, of the seven predicate acts alleged against Delatorre in counts one and two of the third superceding indictment, and the seven overt acts alleged against him in count three, the murder of Patrick Garcia is the only act which allegedly occurred before Delatorre's eighteenth birthday.

Because conspiracy and racketeering are continuing crimes, however, some demonstration of post-eighteen participation in such crimes is necessary to sustain a

8

conviction against a defendant indicted prior to the age of twenty-one.[2]  See, e.g., United

States v. Wilson, 116 F.3d 1066, 1093 (5th Cir. 1997), cert. denied sub nom., Bates v.

United States, 118 S. Ct. 704 (1998).  Every court addressing the issue has required

post-eighteen participation in "continuing crimes" because only such participation signals

an adult defendant's ratification of pre-majority involvement in such crimes. See, e.g.,

United States v. Thomas, 114 F.3d 228, 264 (D.C. Cir.), cert. denied, 118 S. Ct. 635

(1997).  The Government must introduce evidence, or what the First Circuit has referred

to as "some discernible actus reus, be it action or (in an appropriate case) intentional

inaction," Welch, 15 F.3d at 1212, which will allow a reasonable jury to conclude that

defendant's participation in the conspiracy or racketeering enterprise continued after his

eighteenth birthday.  See United States v. Doerr, 886 F.2d 944, 969-70 (7th Cir. 1989);

United States v. Cruz, 805 F.2d 1464, 1476 (11th Cir. 1986). Thus, a jury may not convict

an adult defendant solely on the basis of "acts of juvenile delinquency," thereby

eviscerating the protections afforded juveniles under the JDA.  Instead, the jury must find

post-majority conduct sufficient to establish that defendant participated in the conspiracy

or racketeering enterprise after attaining the age of eighteen.  See Harris, 944 F.2d at

785-86 (citing Cruz, 805 F.2d at 1475-77).

---

[2]  Courts have uniformly held that under 18 U.S.C. § 5031, a defendant alleged to
have committed a crime before his eighteenth birthday but indicted after reaching the age
of twenty-one may not invoke the protections of the JDA.  E.g., United States v. Thomas,
114 F.3d 228, 264 (D.C. Cir.), cert. denied, 118 S. Ct. 635 (1997); United States v. Hoo,
825 F.2d 667, 669-70 (2d Cir. 1987) (citing cases).

The problem in this case is that the district court's order goes further than simply requiring the Government to demonstrate that Delatorre participated in the drug conspiracy or racketeering enterprise after his eighteenth birthday. The court reasoned: "Congress has not authorized district courts to forego these important [JDA] transfer procedures simply because an over-eighteen juvenile ratifies his pre-eighteen entry into an enterprise or conspiracy through post-eighteen acts." Thus, the district court's order prohibits the Government from introducing evidence of Delatorre's participation in Garcia's murder for the purpose of proving the substantive elements of conspiracy or racketeering unless the Government first complies with the JDA's transfer requirements.[3]

We find nothing in the JDA's language or legislative history, however, which affords any special protection to a defendant properly indicted as an adult whose participation in alleged continuing criminal activity spans his eighteenth birthday. The JDA simply does not address the admissibility of evidence in such cases. Rather, the JDA governs the prosecution of juvenile delinquents in federal court. The transfer and certification requirements of the JDA, see 18 U.S.C. § 5032, apply only to juveniles charged with committing acts of juvenile delinquency. The JDA defines juvenile delinquency as the "violation of a law of the United States committed by a person prior to

_____

[3] A detailed discussion of the provisions of the JDA is unnecessary here. For an overview of the JDA as courts have applied it in conspiracy cases spanning a defendant's eighteenth birthday, see D. Ross Martin, Note, Conspiratorial Children? The Intersection of the Federal Juvenile Delinquency Act and Federal Conspiracy Law, 74 B.U. L. Rev. 859 (1994).

his eighteenth birthday which would have been a crime if committed by an adult."

Id.§ 5031.

In other words, the JDA addresses the district court's jurisdiction only with respect to a charged offense, not the individual acts comprising that offense or the evidence necessary to prove such acts. See Wong, 40 F.3d at 1365 ("The relevant 'act' for purposes of determining . . . [the JDA's applicability] is the crime charged in the indictment . . . rather than the discrete predicate acts underlying those charges."); Welch, 15 F.3d at 1207 n.5 ("The term 'alleged act,' as used in § 5031, means the alleged offense, not each separate act comprising the offense."). For instance, if the Government had charged Delatorre with Garcia's murder under 18 U.S.C. § 1959(a)(1) as a violent crime in aid of racketeering, the Government would have had to comply with the JDA in order to prosecute Delatorre for that offense. This is so because that offense was complete before Delatorre reached the age of majority, and therefore constituted an act of juvenile delinquency under the JDA. In its discretion, however, the Government chose not to charge Delatorre for Garcia's murder under § 1959(a)(1), and thus need not comply with the JDA's provisions governing acts of juvenile delinquency.

To be sure, the circuits are split over the question of whether the JDA requires the district court to instruct the jury that it may not consider evidence of an adult defendant's pre-eighteen conduct when determining his guilt. Recently, the D.C. Circuit in Thomas, 114 F.3d at 228, held that evidence of a defendant's pre-eighteen conduct was not

11

admissible for the purpose of proving defendant's guilt, but rather was admissible only for the purposes listed in Fed. R. Evid. 404(b). Id. at 266. Compare United States v. Maddox, 944 F.2d 1223, 1233 (6th Cir. 1991). (A defendant "cannot be held liable for pre-eighteen conduct, but such conduct can, of course, be relevant to put post-eighteen actions in the proper context.").[4] The problem with Thomas, as well as the district court's ruling in this case, however, is evident: Any decision denying the admissibility of evidence of an adult defendant's pre-eighteen conduct to prove his guilt for continuing crimes incorrectly suggests that the JDA changes the substantive standard of criminal liability for a racketeering enterprise or conspiracy spanning a defendant's eighteenth birthday. We do not read the JDA so broadly.

Instead, we agree with the First, Fifth, Seventh, and Eleventh Circuits that where an adult defendant is properly charged with a continuing crime, that defendant's pre-majority conduct is admissible on the same basis as post-majority conduct. Welch, 15 F.3d at 1202; Wilson, 116 F.3d at 1066; Doerr, 886 F.2d at 944; Cruz, 805 F.2d at 1464.[5]

---

[4] Despite Delatorre's contrary assertion, the Fourth Circuit's decision in United States v. Spoone, 741 F.2d 680 (4th Cir. 1984), does not stand for the proposition that a jury may not consider an adult defendant's juvenile acts as evidence of guilt on a conspiracy charge. Rather, in Spoone, the court addressed the sufficiency of the evidence and found "no basis to believe that the jury convicted . . . [defendant] of conspiracy solely because of his pre-eighteenth birthday activity." Id. at 687 (emphasis added). In reaching its conclusion, the court took comfort in the fact that "the trial court repeatedly instructed the jury that it could not consider the juvenile acts as evidence of . . . [defendant's] guilt." Id.

[5] The Government suggests, and one commentator has endorsed the idea that our

(continued...)

As the First Circuit aptly stated in <u>Welch</u>, 15 F.3d at 1211 n.11: "[I]n an age-of-majority spanning conspiracy [or racketeering enterprise], the defendant's pre-majority conduct is not merely extrinsic evidence of a prior wrongful act, but an integral component of the alleged . . . [crimes] for which he is on trial." In the absence of an express legislative directive to the contrary, we believe the JDA does not apply to a defendant like Delatorre who is not a juvenile and has not been charged with committing an act of juvenile delinquency. The Government may prosecute Delatorre as an adult in accordance with federal evidentiary and procedural rules so long as the Government establishes that Delatorre participated in the continuing crimes with which he is charged beyond his eighteenth birthday.

REVERSED and REMANDED.

---

[5](...continued)
decision in <u>Harris</u>, 944 F.2d at 784, also stands for the proposition that "juvenile activity is evidence that the jury may consider <u>without limitation</u>, but the jury, through its verdict, must answer the question of whether the potential juvenile committed sufficient activity after turning eighteen." Martin, <u>supra</u> note 3, at 873 (emphasis added).