FILED
United States Court of Appeals
Tenth Circuit

February 14, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES S. ANDERSON,

Defendant-Appellant.

No. 00-6235
(D.C. No. 5:96-CR-00129-L-1)
(W.D. Okla.)

---

**ORDER**

---

Before **KELLY**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

This matter is before the court on the government's motion to recall the mandate in this appeal and to issue an amended Order and Judgment. The motion is granted with this order to supplement the mandate. The Clerk of Court is hereby ordered to re-issue the Amended Order and Judgment attached to this order. The Amended Order and Judgment shall be issued nunc pro tunc to the original filing date, December 13, 2001. In addition, a copy of this order shall be forwarded to the court's electronic-database subscribers with a request to replace the originally issued Order and Judgment with the Amended Order

and Judgment, to the extent such replacement is possible.  A copy of this order shall stand

as a supplement to the mandate issued originally on January 4, 2002.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

December 13, 2001

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES S. ANDERSON,

Defendant-Appellant.

No. 00-6235
(D.C. No. 5:96-CR-00129-L-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

James A. Anderson was convicted of conspiring to receive and distribute child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); transporting child pornography in interstate commerce via delivery service in violation of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2252(a)(1); and electronically transporting child pornography in interstate commerce in violation of § 2252(a)(1). The district court sentenced him to 104 months and to a three-year term of supervised release on each count, to be served concurrently. The district court also ordered him to pay $60,000 in restitution to an exploited child's family and imposed $300.00 in special assessments. Mr. Anderson appeals from that part of his sentence that was enhanced based on relevant conduct of one of his co-conspirators. We affirm.

## I.

The facts are undisputed. Mr. Anderson was a member of a nationwide group called the Orchid Club, the purpose of which was to exchange new and rare child pornography, including private pictures produced by group members with access to children. Mr. Anderson participated in an online chat room discussion in February 1996 when Ronald Riva, one of the members, announced that Jane Doe 1, his daughter's ten-year-old friend, was spending the night at his house. He stated that she had volunteered to participate in a sexual video but that he did not have a camera at that time. Before he left the chat room, Mr. Anderson stated, "I didn't want to miss [Jane Doe 1]." R. Vol. 6, at 611 (quoting Ex. 59 at 8). In March 1996, Mr. Anderson was again online when Mr. Riva stated that Jane Doe 1 would again be spending the night and that he was excited about it. On April 2, 1996, Riva sexually molested Jane Doe 1, recording it by video live

and on-line for club members' benefit. While Mr. Anderson was not on-line the night the video was created and transmitted, he later received still pictures of Jane Doe 1's molestation that he stored on a private drive with the files labeled "[Jane Doe 1] 1" through "[Jane Doe 1] 9." *Id.* at 621.

After conviction, the United States proposed calculating Mr. Anderson's base offense level using USSG § 2G2.1 because Mr. Anderson's offense of conviction involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. Even though Mr. Anderson had not himself physically engaged in the child's sexual exploitation, under the Guidelines he could be held accountable for Mr. Riva's conduct if it was a "reasonably foreseeable act . . . of [another] in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B). The district court agreed, noting that it could consider "any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others." R. Vol. 1, Doc. 168 at 8 (quoting § 1B1.3(a) cmt.2).

The court noted that the government had proved that: "[Mr. Anderson] had notice of [the molestation] prior to its occurrence" and that he "received a still picture [of the child] after the incident." *Id.* at 9. The court further cited the trial exhibits and testimony presented at the sentencing hearing that specifically demonstrated Mr. Anderson's knowledge of Mr. Riva's intended conduct and the purpose of the Orchid Club. The court stated,

Based on the government's proffer of evidence at the sentencing hearing and the exhibits that were admitted, the court finds that use of the cross-reference [to U.S.S. G. § 1B1.3(a)] is warranted. The conduct of defendant's co-conspirators was reasonably foreseeable given the purpose of the Orchid Club and the on-line conversations that occurred regarding this conduct. See Government's Exhibit 59 at 7-8; Government's Exhibit 60 at 171-72, 176. Furthermore, given the purpose of the Orchid Club, such conduct was also in furtherance of the jointly undertaken activity.

*Id.*

## II.

On appeal, Mr. Anderson raises a single legal issue: whether the above-described statements of the district court constitute sufficient factual findings to support its conclusion that Riva's conduct was foreseeable to Mr. Anderson. Mr. Anderson asserts that the court's statements were only legal conclusions and that "[t]here were no factual findings . . . of what conduct the defendant engaged in to make the acts of the Orchid Club foreseeable to him." Appellant's Br. at 5.

We review questions of law regarding the application of the sentencing guidelines de novo. *United States v. Tagore*, 158 F.3d 1124, 1127 (10th Cir. 1998). When basing an offense level upon the conduct of co-conspirators, "[p]roper attribution at sentencing requires the district court to analyze, and make 'particularized findings' about, the scope of the specific agreement the individual defendant joined in relation to the conspiracy as a whole." *United States v. Melton*, 131 F.3d 1400, 1404 (10th Cir. 1997) (citing *United States v. Thomas*,

114 F.3d 228, 324 (D.C. Cir. 1997)). "[E]ven a 'brief' finding can be sufficient if, when viewed in context, it is more than simply a generalized or conclusory finding that [the defendant] was involved in the conspiracy." *Thomas*, 114 F.3d at 255 (quotation omitted) (alteration in original) *(disagreed with on other grounds in United States v. Delatorre*, 157 F.3d 1205 (10th Cir. 1998)).

We read the court's statement that it "[b]ased" its legal conclusions on the government's proffered evidence as indicative that the court adopted the government's position and found that (1) Mr. Anderson "had notice of [Rivas' intent to molest and exploit Jane Doe 1] prior to its occurrence" and (2) he had "received a still picture of [Jane Doe 1] after the incident." R. Vol. 1, Doc. 168 at 9. Reading these findings in context with the court's reference to specific exhibits and testimony establishing Mr. Anderson's individual knowledge and conduct regarding Jane Doe 1's molestation and exploitation, we hold that the district court made sufficiently particularized findings to support its conclusion.

The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED**.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-5-