FILED
United States Court of Appeals
Tenth Circuit

November 14, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DARREN L. HARRIS,

      Defendant - Appellant.

No. 14-5011
(D.C. Nos. 4:97-CV-00344-TCK and
4:89-CR-00091-TCK-6)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

Darren Harris seeks relief on two ineffective assistance of counsel claims raised in a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied relief but granted Mr. Harris a certificate of appealability on both claims. We affirm denial of relief because Mr. Harris has not shown prejudice as required by *United States v. Strickland*, 466 U.S. 668, 687 (1984).

## I. **PROCEDURAL HISTORY**

In 1990, a jury convicted Mr. Harris of conspiracy to distribute crack cocaine. He

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was sentenced to 360 months in prison.  In 1990, while his direct appeal was pending, Mr. Harris filed a § 2255 motion.  The district court denied the motion because Mr. Harris had not shown extraordinary circumstances justifying review while an appeal was pending, *see Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968), and Tenth Circuit precedent foreclosed his argument on the merits.

On direct appeal, we affirmed Mr. Harris's conviction but remanded for resentencing so the district court could make findings on his objections to the Presentence Investigation Report.  *United States v. Harris*, 944 F.2d 784, 786 (10th Cir. 1991).  The district court again sentenced Mr. Harris to 360 months in prison.  We affirmed the sentence.  *United States v. Harris*, 984 F.2d 1095, 1099 (10th Cir. 1993).

In 1997, Mr. Harris filed a second § 2255 motion pro se ("1997 Motion"), which raised four ineffective assistance of counsel claims.  The district court deemed it a second or successive § 2255 motion under 28 U.S.C. § 2255(h) and accordingly transferred it to us.  We denied authorization.

In 2011, Mr. Harris filed a Rule 60(b) motion pro se, asking the district court to reopen his 1997 Motion.  The court declined to hear his substantive claims, finding they were not properly raised in a Rule 60(b) motion, but determined Mr. Harris properly raised a procedural claim as to whether the 1997 Motion was a second or successive § 2255 motion.  The court determined that, under *Magwood v. Patterson*, 561 U.S. 320 (2010), Mr. Harris's 1997 Motion was his first § 2255 motion after resentencing and not

a second or successive motion under § 2255(h).[1]  The court vacated the order transferring

the 1997 Motion to the Tenth Circuit and proceeded to consider the merits of its four

ineffective assistance of counsel claims.

Mr. Harris's 1997 Motion alleged four failures of trial counsel.  The district court

rejected his first and third claims, but determined an evidentiary hearing was necessary to

decide his second and fourth.  The latter claims alleged Mr. Harris's trial counsel should

have (1) sought pretrial discovery to obtain police reports and documentation related to a

stop of Mr. Harris on July 9, 1989, and (2) raised the issue of prosecutorial misconduct

based on the knowing presentation of false testimony by Officers Brian Comfort and

Darren Carlock regarding the events of July 9, 1989.

Mr. Harris's presence at a drug transaction on July 9, 1989 was central to his

conviction because it established his continued involvement in the conspiracy after his

eighteenth birthday.  At trial, the officers testified they had witnessed Mr. Harris

engaging in the drug transaction and subsequently stopped him and others at the scene.

Although the prosecutor implied Mr. Harris was arrested, Suppl. App., Vol. 3 at 266

("When you went down and arrested Darren Harris or stopped him, did you find anything

---

[1] In *Magwood*, the Supreme Court held a second-in-time § 2254 petition filed after
resentencing was not "second or successive" because it was the first petition "challenging
th[e] intervening judgment."  *Id.* at 339.  The Supreme Court has indicated *Magwood*
applies to § 2255 motions as well.  *See Garza v. United States*, 131 S. Ct. 1469, 1469
(2011) (vacating the dismissal of a § 2255 motion and remanding for reconsideration "in
light of *Magwood*").

illegal on Darren Harris?"), and we subsequently referred to the stop as an arrest in our published opinion affirming his conviction, *see Harris*, 944 F.2d at 785 ("Harris was arrested at the time of the incident."), Mr. Harris asserted in his 1997 Motion he was not arrested, and maintains he was not present at the scene at all. To resolve the claims, the court appointed counsel for Mr. Harris and scheduled an evidentiary hearing.

Following the hearing, the district court denied Mr. Harris's § 2255 motion. In its findings of fact and conclusions of law, the court determined Officers Comfort and Carlock did not arrest Mr. Harris on July 9, 1989, and never testified they had arrested him. The officers only testified they had seen Mr. Harris dealing cocaine, and they later stopped Mr. Harris, searched him, and found over $600 on his person.

Having resolved this issue, the district court concluded Mr. Harris did not articulate a tenable ineffective assistance of counsel claim. First, the court determined Mr. Harris's counsel had not performed deficiently before or during trial with regard to the July 9, 1989 stop. Mr. Harris was not arrested, and there was no arrest report or other known record of the stop that might have been located if his counsel had sought documentation through discovery. Second, the court determined there was no reasonable probability that, but for any errors, the outcome of defendant's trial would have been different. As a result, the court denied Mr. Harris's § 2255 motion. It granted Mr. Harris a certificate of appealability on the two issues it decided after the evidentiary hearing, and we consider those issues now.

## II. **STANDARD OF REVIEW**

We "review a district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006). "A claim for ineffective assistance of counsel presents a mixed question of fact and law, which we review de novo." *Id.*

## III. **INEFFECTIVE ASSISTANCE CLAIMS**

Because they both involve defense counsel's approach to the stop on July 9, 1989, the district court addressed Mr. Harris's claims together. We do so as well.

The district court correctly determined Mr. Harris has not made a viable ineffective assistance of counsel claim. Under *Strickland*, a defendant claiming ineffective assistance of counsel must show (1) counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness," 466 U.S. at 687-88, and (2) the deficient performance prejudiced the defendant's defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. If the defendant fails to make a sufficient showing at either step of the analysis, the court must deny the ineffective assistance of counsel claim. *Id.* at 697. We focus on the prejudice element.

At the evidentiary hearing, Mr. Harris testified he informed defense counsel he was not at the scene where the officers testified they saw and stopped him on July 9, 1989. He argues defense counsel's failure to request discovery and to cross-examine the

officers about his presence at the scene constituted ineffective assistance of counsel.[2]

Specifically, Mr. Harris contends that if defense counsel had determined there was no arrest report or record of a warrant check on his person on July 9, 1989, counsel could have emphasized the officers had no written documentation placing Mr. Harris at the scene. Without evidence placing him at the scene, he contends the prosecution would not have any evidence of his participation in the conspiracy after his eighteenth birthday.

Mr. Harris has not shown defense counsel's conduct was prejudicial to his defense. Mr. Harris must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. At trial, the officers testified they had observed Mr. Harris selling cocaine on July 9, 1989.[3] The officers' observation of Mr. Harris engaging in a

---

[2] It is not clear whether defense counsel actually requested discovery. At the evidentiary hearing, the Government noted it has no record of any discovery requests in its files. The Government argues this absence does not affirmatively prove defense counsel did not seek discovery, particularly when the record is over twenty-five years old. Because we do not believe defense counsel's failure to seek discovery of a potential arrest report was prejudicial to Mr. Harris's defense, we need not resolve whether he actually did so.

[3] At trial, Officer Comfort did not state that Mr. Harris had been arrested when questioned by the prosecutor:

> Q: Did you have an occasion after that to stop these persons, to approach them or arrest them?
> A: Yes, I did.
> Q: When did that happen?
> A: After the one hour that we were watching them, we went down to the apartment complex and stopped them.

Continued . . .

drug transaction provided evidence that he continued to participate in the conspiracy after his eighteenth birthday. If defense counsel had sought discovery and confirmed there was no written documentation the officers stopped Mr. Harris after observing these transactions, it is not likely the outcome of the proceedings would have changed. The jury would have been presented with the testimony of two officers who claimed they saw Mr. Harris engaging in a drug transaction and Mr. Harris's uncorroborated testimony that he was not present at the scene.[4] In light of the officers' testimony and considerable evidence linking Mr. Harris to the conspiracy before his eighteenth birthday, there is no reasonable probability the outcome would have been different had defense counsel underscored the lack of written documentation of a subsequent stop.

Because Mr. Harris is unable to show prejudice, we agree with the district court's disposition and dismiss his ineffective assistance of counsel claims.

---

Q: And who did you find there?
A: Reggie Leroy, Darren Harris, several other people, Rodney Gains, Deangelo Guyton.
Q: Did you have an occasion to search their persons?
A: I did not search them, but saw them being searched.
Q: What, if anything, was found on their persons in your presence?
A: Several hundred dollars of cash were found.
Q: Do you remember or which person it came from?
A: Darren and Reggie and I believe Darren had in excess of $600.

Suppl. App., Vol. 3 at 261-62.

[4] According to Mr. Harris, defense counsel declined to pursue this line of questioning because "he wanted to keep my name distant from the rest of my co-defendants." App., Vol. 2 at 66.

## IV. **SECOND AND SUCCESSIVE APPEAL**

After the district court granted a certificate of appealability, Mr. Harris filed a "Motion for Order Authorizing District Court to Consider a Successive Motion for Relief Pursuant to 28 U.S.C. § 2255." We took the motion under advisement.

A federal prisoner cannot bring more than one § 2255 challenge unless a second or successive one is based on (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

In his motion, Mr. Harris first emphasizes the determination at the evidentiary hearing that he was not arrested on July 9, 1989. For the reasons presented above, Mr. Harris does not meet either criterion for a second or successive § 2255 motion on this ground. Mr. Harris neither presents newly discovered evidence nor identifies new constitutional law that was previously unavailable. The evidentiary hearing determined Mr. Harris was merely stopped and not arrested, but a reasonable factfinder could still find Mr. Harris guilty based on the sworn testimony of two officers who saw him engaged in what they identified as a drug transaction.

Second, Mr. Harris notes the officers testified for the first time at the evidentiary hearing that they called in a warrant check on all the individuals they stopped on July 9, 1989, but proceeded to let the individuals leave when there were no outstanding warrants.

Mr. Harris offers newly discovered evidence from the Tulsa Police Department indicating he had six warrants for his arrest when he was apprehended by police on July 10, 1989. Mr. Harris argues the outstanding warrants, viewed in light of the new testimony, suggest he was not among the individuals at the scene.

> We may authorize a second or successive § 2255 motion upon a showing
>
> that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and that "the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

*Bey v. United States*, 399 F.3d 1266, 1268 n.1 (10th Cir. 2005) (quoting 28 U.S.C. § 2244(b)(2)). Mr. Harris's claim fails at both steps of the inquiry. The exercise of due diligence could have timely identified the relevant police practices and written records at the time of Mr. Harris's trial. Furthermore, the new information about the warrants does not establish that no reasonable factfinder could have found Mr. Harris guilty. The officers testified at trial that they saw Mr. Harris dealing drugs and subsequently stopped him along with others at the scene. Although the officers' recollections over two decades later may raise questions about the processes followed in the stop, or even whether Mr. Harris was among those eventually stopped, it does not contradict the officers' sworn testimony at trial that they saw Mr. Harris dealing drugs on July 9, 1989. In light of the evidence presented at trial, it is unlikely that the defense's presentation of the outstanding warrants would have led to Mr. Harris's acquittal or that no reasonable factfinder would

have found him guilty.

We therefore deny Mr. Harris's motion to bring a second or successive § 2255 motion before the district court.

## V.  **CONCLUSION**

For the foregoing reasons, we affirm the district court's denial of relief to Mr. Harris on his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and we deny his motion for authorization to file a second or successive motion under § 2255.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

14-5011, *United States v. Harris*
**HARTZ**, J., concurring

I join the opinion of Judge Matheson. In my view, however, there is an additional ground for affirmance. Mr. Harris's motion under Fed. R. Civ. P. 60(b) was untimely. Such a motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Mr. Harris's motion was filed some 14 years after the order he sought to set aside. There was no excuse for that delay, and the delay obviously caused difficulties in conducting an evidentiary hearing so long after the underlying facts. True, the Supreme Court's decision in *Magwood v. Patterson*, 561 US 320 (2010), was handed down more than a decade after the original order. But a litigant does not need a Supreme Court opinion directly in point to challenge a decision. *Magwood* did not overrule any precedent. *See id*. at 337 ("[T]he dissent fails to cite any case in which this Court has dismissed a claim as excessive or abusive if the petitioner raised it in an application challenging a new judgment.").