**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Toma GJONAJ, Defendant–Appellant.**

**No. 88–1201.**

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 11, 1988.

Decided Nov. 10, 1988.

presentment and dishonor, the actual date of the stop-payment order is not relevant to the holding of this case.

**144**

Richard M. Lustig, Lustig & Friedman, P.C., Southfield, Mich., for Toma Gjonaj.

Keith Corbett, Asst. U.S. Atty., Detroit, Mich., for U.S.

Before KENNEDY, MARTIN, and NORRIS, Circuit Judges.

KENNEDY, Circuit Judge.

Appellant Toma Gjonaj, who became 18 on June 6, 1986, pleaded guilty to a charge of conspiracy to deliver cocaine. The conspiracy commenced in 1985 and continued through the date of indictment, April 27, 1987. Gjonaj appeals the District Court's denial of his motion for treatment as a juvenile under the Juvenile Delinquency Act, 18 U.S.C. § 5031. We affirm.

Appellant argues that since he entered the conspiracy while still a juvenile he must be sentenced as a juvenile, because the crime was complete prior to his eighteenth birthday. We disagree. Although the crime of conspiracy is complete upon agreement, it is a continuing crime. As the Fourth Circuit has concluded, the Juvenile Delinquency Act "does not, of course, prevent an adult criminal defendant from being tried as an adult simply because he first became embroiled in the conspiracy with which he is charged while still a minor." *United States v. Spoone,* 741 F.2d 680, 687 (4th Cir.1984), *cert. denied,* 469 U.S. 1162, 105 S.Ct. 917, 83 L.Ed.2d 929 (1985). Similarly, the Eleventh Circuit has held that since conspiracy is a continuing crime, a defendant who entered a conspiracy while under eighteen may be tried as an adult upon a "threshold demonstration of post-eighteen conspiracy activity." *United States v. Cruz,* 805 F.2d 1464, 1476 (11th Cir.1986), *cert. denied,* 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204 (1987). These holdings are consistent with the familiar rule that the statute of limitations on a conspiracy does not begin to run until the defendant has withdrawn from the criminal enterprise, *see, e.g., United States v. D'Andrea,* 585 F.2d 1351, 1355 n. 3 (7th Cir. 1978), *cert. denied,* 440 U.S. 983, 99 S.Ct. 1795, 60 L.Ed.2d 244 (1979). We are persuaded by the logic of the Fourth and Eleventh Circuits' reasoning and reject appellant's anomalous argument that he is insulated from adult responsibility for his criminal activity because he started young.

In the present case, appellant was charged with committing overt acts in furtherance of the conspiracy subsequent to his eighteenth birthday. Appellant's counsel conceded at sentencing that appellant was eighteen at the time government electronic surveillance indicated his participation in a proposed cocaine transaction. The District Court had a firm factual basis for concluding that appellant committed overt acts in furtherance of the conspiracy as an adult and did not err in treating appellant as an adult offender.

Accordingly, the judgment of the District Court is AFFIRMED.