995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric L. WILKINS, Defendant-Appellant.
 No. 92-1637.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1993.
 
 Before: MILBURN, RYAN, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Eric Lamar Wilkins appeals a district court order reinstating his conviction following an appeal and remand for a hearing to determine the propriety of prosecuting him as an adult. The defendant was convicted of conspiracy to distribute and conspiracy to possess with intent to distribute "crack" cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, defendant raises the issue of whether he could be prosecuted as an adult for conspiracy in the federal courts when he committed no acts in furtherance of the conspiracy after attaining the age of 18. Finding that defendant was properly prosecuted as an adult because the district court followed the procedures outlined in the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 et seq., we affirm.
 
 I.
 A.
 
 2
 On February 29, 1988, a grand jury in the Eastern District of Michigan indicted 23 individuals, including defendant, as members of a conspiracy referred to as the "Chambers brothers organization," for various narcotics, firearms, and tax offenses. On October 10, 1988, a jury trial commenced against 14 individuals, including defendant.
 
 
 3
 Briefly summarized, the evidence presented at trial showed that defendant, a/k/a "Fats," was the principal lieutenant of the "Chambers brothers organization." Defendant was an enforcer and a member of the "wrecking crew," a branch of the conspiracy whose purpose was to maintain discipline within the conspiracy by means of violence and intimidation. Further, in the absence of Larry and Billy Joe Chambers, defendant supervised the crack house operations of the conspiracy by overseeing the distribution of crack and the collection of drug proceeds as well as paying members of the organization. Defendant also acted as a "drop-off/pick-up" man, which required that he supply various crack houses with drugs and pick up the proceeds from the sale of crack cocaine.
 
 
 4
 On October 24, 1988, after the government rested, defendant moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, claiming that because the government had not sought certification under 18 U.S.C. §§ 5031 and 5032 to try him as an adult, the district court lacked subject matter jurisdiction. The motion was denied that same day. Subsequently, on November 17, 1988, the district court issued an opinion and order reflecting the denial of defendant's Rule 29 motion.
 
 
 5
 On October 28, 1988, the jury convicted defendant of the charges in Count I of a 15-count superseding indictment, which charged conspiracy to possess crack cocaine and marijuana with intent to distribute and distribution of crack cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1) and § 846. Defendant was sentenced on March 24, 1989, to 405 months imprisonment to be served consecutively to a state sentence which he was then serving. Defendant filed a timely appeal of his conviction to this court.
 
 
 6
 By way of background, it should be noted that defendant's birth certificate, which was introduced at the trial of this case, established that defendant's date of birth was June 1, 1969. Consequently, he became 18 years of age on June 1, 1987. Prior to his eighteenth birthday, defendant was charged in the Michigan courts with possession with intent to distribute several hundred grams of cocaine in violation of Mich.Comp.Laws § 333.7401(1). The Michigan charge involved part of the same conduct for which he was charged in this case. Defendant was convicted of the Michigan charge, and he received the maximum possible sentence he could receive under Michigan's Indeterminate Sentencing Act, Mich.Comp.Laws § 769.8, a sentence of 13 years and 4 months to 20 years. Defendant began his incarceration as a result of the Michigan sentence approximately four months prior to his eighteenth birthday.
 
 
 7
 Thus, during the period of his active participation in the "Chambers brothers conspiracy," defendant was a juvenile. In order to prosecute a juvenile as an adult pursuant to the Federal Juvenile Delinquency Act ("Act"), 18 U.S.C. § 5032, the United States Attorney must certify that the charges against the defendant are serious narcotics-related crimes and that there is a substantial federal interest in the prosecution of the defendant. After such a certification, the district court must hold a hearing, known as a transfer hearing, in order to determine whether, after considering the six factors listed in the Act, prosecution of the defendant as an adult would be in the interest of justice. The district court held such a transfer hearing in this case and ruled that it was in the interest of justice for defendant to be prosecuted as an adult in federal court.
 
 
 8
 In his first appeal, defendant argued, among other things, that the certification process used by the district court was defective because it took place well after the trial was underway, at the close of the government's case. The government argued that the defendant had waived his right to avail himself of the protection of the Act by waiting until near the close of the government's case before moving to dismiss the case for failure to follow the requirements of the Act.
 
 
 9
 On September 10, 1991, this court issued an opinion in a consolidated appeal. See United States v. Chambers, 944 F.2d 1253 (6th Cir.1991), cert. denied, 112 S.Ct. 1247 and 112 S.Ct. 1680 (1992). We held that the certification process, although late in time, was not defective. We also concluded, however, that the district court had failed to conduct a transfer hearing and remanded the case to the district court to hold a hearing. Specifically, we stated:
 
 
 10
 While the government filed a motion to proceed against Lumpkin and Wilkins as adults, the district court held no hearing to evaluate the propriety, in light of the above-listed factors, of so proceeding....
 
 
 11
 Under these circumstances, the appropriate remedy is to vacate Lumpkin's and Wilkins' convictions and remand their cases for the statutorily required hearing concerning the propriety of prosecuting them as adults. On remand, the district court shall hold a hearing and make the required fact findings based upon the circumstances existing at the time of Lumpkin's and Wilkins' trial, giving no regard to the subsequent events occurring as a result of the criminal prosecutions and convictions. Only if the court determines that the interest of justice dictates prosecuting Lumpkin and Wilkins as adults shall the court reinstate their conviction.
 
 
 12
 Chambers, 944 F.2d at 1261 (citations omitted) (emphasis added).
 
 
 13
 Thereafter, on remand, the district court held a hearing. At the remand hearing, however, the parties and the court were in agreement that this court's conclusion that no transfer hearing had been held was erroneous.[1] Appellant's Brief, p. 1.; Appellee's Brief, p. 4. Specifically, the parties agreed that at the close of the government's case on October 24, 1988, the district court took testimony as to whether it would be in the interest of justice to treat the two defendants [Lumpkin and Wilkins] as adults.
 
 
 14
 D.E.A. Special Agent Dick Crock testified to the general nature of the acts in which defendant Wilkins participated. In addition, the district court considered, for purposes of determining transfer, testimony already presented at trial. Further, the court heard testimony that neither defendant [Lumpkin or Wilkins] had a juvenile record, but that Wilkins had previously been convicted in the state system for possession with intent to distribute cocaine and had been sentenced for that crime to 13 years and 4 months to 20 years imprisonment.
 
 
 15
 Accordingly, pursuant to this court's instructions in remanding the case, the district court evaluated its earlier transfer hearing and held that the court's earlier finding that defendant Wilkins satisfied the 18 U.S.C. § 5032 criteria and could be tried as an adult is "the law of the case." Consequently, the district court reinstated defendant's conviction. This timely appeal followed.
 
 II.
 
 16
 Defendant argues that the district court erred in reinstating his conviction as an adult. Specifically, defendant asserts that the trial court lacked subject matter jurisdiction to try him as an adult because he had committed no acts in furtherance of the charged conspiracy after attaining his majority, namely, the age of eighteen.[2]
 
 
 17
 We agree with the government that this argument is a total misperception of the Federal Juvenile Delinquency Act ("the Act"), 18 U.S.C. § 5031 et seq., which allows juveniles to be prosecuted as adults after certification by the United States Attorney and a transfer hearing conducted by the district court. However, we note that in defendant's brief at page 3, he states:
 
 
 18
 This Court [of Appeals] was in error in concluding that the hearing had not been conducted. The trial court had held the hearing mandated by 18 U.S.C. § 5032. Neither party addressed the § 5032 hearing in the original appeal, nor was the hearing discussed during oral argument. Further, since neither party addressed the findings of the trial court, those findings are the law of the case.
 
 
 19
 Thus, we agree with the government that the defendant was properly prosecuted as an adult for his involvement in a criminal conspiracy before he attained 18 years of age because the district court followed the procedures outlined in the Act. The Act provides in section 5032 that a juvenile fifteen years and older accused of committing a felony, which is a crime of violence or an offense described in sections 841, 952(a), 955, or 959 of Title 21, may be prosecuted as an adult if the appropriate district court finds, after a transfer hearing, that "such transfer would be in the interest of justice." Both parties agree that a transfer hearing was held, and in our remand of this case we note again that we stated: "Only if the court determines that the interest of justice dictates prosecuting Lumpkin and Wilkins as adults shall the court reinstate their convictions." That finding was made by the district court in the transfer hearing, and defendant Wilkins' conviction was reinstated. The fact that defendant Wilkins did not commit any acts in furtherance of the criminal conspiracy after he attained the age of 18 is irrelevant in this case.
 
 
 20
 Finally, we note that defendant's reliance upon United States v. Maddox, 944 F.2d 1233 (6th Cir.1991), and United States v. Gjonaj, 861 F.2d 143 (6th Cir.1988), is misplaced as those cases are clearly distinguishable from this case. In each of those cases the government did not rely upon the Federal Juvenile Delinquency Act to prosecute juveniles as adults. Rather, both of the defendants in those cases were prosecuted as adults. In Gjonaj, the government was able to show that the defendant's conspiratorial activities continued after he attained 18 years of age. In Maddox, the government argued that the defendant Arnold could be prosecuted as an adult even though he committed no acts in furtherance of the conspiracy after attaining the age of 18 because he did not withdraw from the conspiracy. Although we held against the government in Maddox, we again point out that the Act was not relied upon in that case.
 
 III.
 
 21
 For the reasons stated, the district court's judgment of conviction is AFFIRMED.
 
 
 
 [1]
 The parties agreed that the panel in Chambers was under the impression that a transfer hearing had not been held because the parties had, through some oversight, failed to include the transcript of the transfer hearing as part of the record which was forwarded to this court in that appeal
 
 
 [2]
 The issue of lack of subject matter jurisdiction was apparently raised in defendant's first appeal. However, the panel in Chambers, 944 F.2d at 1253, did not address the issue because the panel reversed and remanded for a transfer hearing based upon the panel's erroneous conclusion that no transfer hearing based upon the panel's erroneous conclusion that no transfer hearing had been held