NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0623n.06
No. 12-4337

FILED
Aug 13, 2014
DEBORAH S. HUNT, Clerk

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| TERRANCE MACHEN, JR., aka Terrance Machen, | ) | DISTRICT OF OHIO |
| aka Andy, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SUHRHEINRICH, KETHLEDGE, AND WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** A grand jury indicted defendant Terrance Machen, Jr., for participation in a Racketeering Influenced and Corrupt Organization (RICO) Act conspiracy that allegedly began when Machen was eleven and continued until he was indicted at age nineteen. Under the Federal Juvenile Delinquency Act (FJDA), the government may not proceed in federal court against a defendant under the age of twenty-one for acts the defendant committed before turning eighteen unless the government "certifies" that certain conditions are met and that federal jurisdiction is appropriate. 18 U.S.C. §§ 5031, 5032. However, a defendant between the ages of eighteen and twenty-one charged with participation in a conspiracy that spanned his eighteenth birthday may be proceeded against in federal court as an adult, for actions committed as an adult, without certification. In such cases, the government must make a "threshold showing" that the defendant "ratified" his participation in the conspiracy after he turned eighteen and the defendant's guilt may not be premised on his conduct as a minor. *See*

*United States v. Maddox*, 944 F.2d 1223, 1233 (6th Cir. 1991).  Machen argues that his RICO conspiracy conviction must be vacated because (1) the government failed to plead ratification in the indictment; (2) the government did not prove ratification at trial; and (3) the jury was not instructed that it could not convict unless it first found ratification.  We conclude that the evidence was sufficient, if barely, for a properly instructed jury to have found that Machen ratified his participation in the conspiracy after he turned eighteen; however, the district court's failure to instruct the jury on ratification was plain error requiring reversal.

**I.**

**A.**

Machen was charged in an indictment targeting the alleged racketeering activity of a Youngstown, Ohio street gang known as LSP (an initialism for the street names at the heart of the gang's territory).  The indictment included 42 counts charged to 23 defendants, but charged Machen only in count one, alleging participation in a RICO conspiracy that began on or about January 1, 2003, and continued through March 15, 2011, in violation of 18 U.S.C. § 1962(d).  Counts two through forty-two charged Machen's codefendants with multiple narcotics distribution and firearms offenses, violent crimes in aid of racketeering, and theft.

Under count one, the indictment listed 102 "overt acts" allegedly committed by the coconspirators.  With respect to Machen in particular, the indictment alleged:

- Between January 1, 2003 and March 15, 2011, Machen and several codefendants shot at rival gang members.
- On or about September 23, 2003, Machen along with two codefendants kicked and punched a person near the intersection of Canfield Road and Billingsgate Avenue in Youngstown.
- On or about May 17, 2006, Machen possessed a .25 caliber handgun and was present at a home where officers found marijuana.
- On or about July 12, 2007, Machen wore a bulletproof vest and possessed marijuana outside the Ohio Gas Mart in Youngstown.

- On or about February 3, 2008, Machen and others followed a cooperating witness to a gas station, where Machen's codefendant brandished a firearm and several LSP members threatened to harm the cooperating witness.
- On or about March 15, 2008, Machen and four others were in an automobile containing four firearms.
- On or about June 15, 2008, Machen possessed marijuana.

Machen moved to dismiss the indictment for lack of subject-matter jurisdiction, arguing that the uncertified indictment charged him only with acts committed before he turned eighteen on April 18, 2009, and that, therefore, the district court did not have jurisdiction over his prosecution under the Federal Juvenile Delinquency Act. The government replied that the indictment's allegation that Machen participated in a conspiracy that extended past his eighteenth birthday was sufficient to support jurisdiction without certification and without implicating the FJDA. The government acknowledged its burden to prove that Machen "ratified his membership in the conspiracy after his eighteenth birthday," and stated that it was prepared to do so at trial. The district court never issued a decision on Machen's motion to dismiss.

**B.**

Six defendants were jointly tried: Machen, Dominique Callier, Edward Campbell III, Carlton Council, Jr., Daquann Hackett, and Derrick Johnson, Jr. Neither Machen's counsel nor the prosecution mentioned ratification at trial; and neither placed any special significance on establishing the dates that incidents occurred for the purposes of determining Machen's guilt.

With respect to the conspiracy generally, the government introduced evidence that between October 2008 and March 2009, LSP members committed drive-by shootings and a Molotov-cocktail bombing in retaliation for Sherrick Jackson's refusal to join the gang; and in April 2010, gang members severely beat a confidential informant discovered wearing a wire. No one testified that Machen was present at or participated in these incidents. The government also introduced evidence that Hackett and Johnson each ran "dope houses" out of which they, and

other LSP members, sold crack cocaine and other drugs. The evidence included a number of video and audio recordings of drug purchases by confidential informants. Machen appeared in none of the recordings.

With respect to Machen in particular, substantial testimony described incidents that plainly occurred before Machen turned eighteen on April 18, 2009. Shawn Jones, a former LSP member testifying to events before he went to prison in 2008, stated that he, Machen, Johnson and Hackett founded the gang in 2003 or 2004, and that Machen sold marijuana and participated in gang-related shootings. LSP member Wayne Kerns testified that Machen sold Kerns his first gun in 2008. Machen's girlfriend Ashley Caulton, who started dating Machen in 2007 or 2008, testified that when she "first met" Machen they smoked marijuana together and she saw him with a handgun on one occasion. And several police officers testified to arresting Machen on four occasions between May 2006 and April 2008 for possession of marijuana, firearms or both.

Other evidence regarding Machen's conduct was not tied to any specific date. The government introduced multiple undated photographs of LSP members, including Machen, making hand signs signifying membership in LSP and holding guns. Kerns, who had lived in Youngstown since at least seventh grade and joined LSP in 2008, testified without providing dates that he had purchased marijuana from Machen, had seen Machen sell marijuana at Johnson's dope house, and that Machen had told him of an incident during which Machen fired his weapon at a rival gang member after an altercation at a party center called Krukausky Hall. LSP member Terrance Royal, who "grew up with" Machen, testified without providing dates that he had seen Machen buy marijuana from Corey Council, another LSP member, and had seen Machen sell marijuana.

The parties identify only three pieces of evidence that specifically connect Machen to LSP *after* he turned eighteen: Ashey Caulton and Wayne Kerns both testified that Machen was a member of LSP when he was indicted in March 2011, and Terrance Royal testified that Machen and four others "jumped him into" LSP in 2010, by fighting with him for about 60 seconds while he fought back and "gained respect."

The case went to the jury without any instructions regarding the significance of Machen's age or the government's burden to establish ratification. Machen was convicted, and the district court sentenced him to 110 months' incarceration and three years of supervised release.

## II.

Machen first argues that the government's failure to plead that he ratified his participation in the conspiracy after he turned eighteen deprived the district court of subject-matter jurisdiction. We disagree. Machen's jurisdictional argument stems from the FJDA, which provides that the government may not proceed against juvenile offenders in federal court unless it certifies that certain conditions are met. We have construed the FJDA as setting forth a jurisdictional prerequisite to suit. *See United States v. Chambers*, 944 F.2d 1253, 1259 (6th Cir. 1991) ("[T]he certification requirement is a prerequisite to the district court's subject-matter jurisdiction."). But we have long held that a defendant charged with participation in an age-of-majority-spanning conspiracy can be proceeded against as an adult in federal court without implicating the FJDA if he continued in the conspiracy after his eighteenth birthday. *See United States v. Odom*, 13 F.3d 949, 957 (6th Cir. 1994) ("A defendant who enters a conspiracy prior to his eighteenth birthday can be tried as an adult if he continues in the conspiracy after that time.") (citing *United States v. Maddox*, 944 F.2d 1223, 1233 (6th Cir. 1991)); *see also United States v. Spoone*, 741 F.2d 680, 687 (4th Cir. 1984), *cert. denied*, 469 U.S. 1162 (1985) ("The [FJDA]

does not, of course, prevent an adult criminal defendant from being tried as an adult simply because he first became embroiled in the conspiracy with which he is charged while still a minor . . . ."). Such defendants "cannot be held liable for pre-eighteen conduct, but [pre-eighteen] conduct can, of course, be relevant to put post-eighteen actions in proper context." *Maddox*, 944 F.2d at 1233. Because the government charged Machen with participation in an age-of-majority-spanning conspiracy and did not seek certification, it necessarily proceeded against Machen as an adult and the FJDA's jurisdictional bar to the prosecution of juveniles in federal court is not implicated.

## III.

Second, Machen argues that the evidence was insufficient for the jury to find that he ratified his membership in the conspiracy after he turned eighteen. The question whether the government proved ratification is relevant only when a defendant is charged as an adult with participation in an age-of-majority-spanning conspiracy. Requiring the government to prove ratification when prosecuting age-of-majority-spanning conspiracies ensures that a defendant charged as an adult is not punished solely "for an act—the agreement to join the conspiracy" that he committed as a minor. *Maddox*, 944 F.2d at 1233.

To prove that Machen participated in the RICO conspiracy, the government had to show that he "agreed that either he or someone else would commit at least two RICO predicate acts." *United States v. Lawson*, 535 F.3d 434, 445 (6th Cir. 2008) (citing *United States v. Saadey*, 393 F.3d 669, 676 (6th Cir. 2005)). A defendant's agreement may be inferred from his conduct. *United States v. Hughes*, 895 F.2d 1135, 1141 (6th Cir. 1990). And a defendant may be liable under the RICO conspiracy provision without ever having committed any overt act. *Salinas v. United States*, 522 U.S. 52, 65 (1997).

This court has never articulated exactly what evidence suffices to prove that a defendant *ratified* his agreement to participate in a RICO conspiracy. We know from *Maddox* that "a person who does absolutely nothing to further the conspiracy or to reaffirm membership in it after his eighteenth birthday can[not] be held criminally liable as an adult in federal court." *Maddox*, 944 F.2d at 1233. On the other hand, *Maddox*'s statement that ratification is a "threshold showing," suggests that evidence showing ratification may fall short of the evidence required to prove an agreement. Decisions reviewing the question have not been close calls—courts have always been able to point to evidence of some specific post-majority conduct of the defendant evincing participation in the underlying racketeering activity. *See, e.g.*, *United States v. Burns*, 298 F.3d at 537 (testimony that defendant sold crack and helped others sell crack after he turned eighteen was sufficient for jury to find ratification of his membership in a drug conspiracy); *Maddox*, 944 F.2d at 1233 (testimony that defendant sold drugs and stated that he was "still rolling—meaning that he was still selling cocaine" after he turned eighteen was "more than sufficient for a jury" to find ratification); *United States v. Gjonag*, 861 F.2d 143, 144 (6th Cir. 1988) (evidence of defendant's "participation in a proposed cocaine transaction" was sufficient to show defendant was properly convicted as an adult); *see also, e.g.*, *United States v. Thomas*, 114 F.3d 228, 238 (D.C. Cir. 1997) (finding that jury's conviction of defendant for two post-majority substantive offenses in furtherance of the narcotics and RICO conspiracies demonstrated that it found the facts necessary to show ratification); *United States v. Cruz*, 805 F.2d 1464, 1476 (11th Cir. 1986) ("The government presented evidence from which a jury could infer that Stephen's involvement in the conspiracy continued after he turned eighteen— namely, Brantley's testimony that subsequent to Stephen's eighteenth birthday Stephen invited him down to Miami to purchase cocaine.").

Here, the question is much closer, but we think the evidence nonetheless sufficient. As Machen argues, Kerns's and Caulton's testimony that Machen was still a gang member in 2011 is not, standing alone, sufficient to prove ratification because it is not evidence that Machen *did* anything to further or reaffirm his membership in the conspiracy after he turned eighteen. *Maddox*, 944 F.2d at 1233 ("[A] person who *does absolutely nothing* . . . after his eighteenth birthday can[not] beheld criminally liable . . . .") (emphasis added). But the jury also heard evidence that Machen participated in Royal's initiation into the gang after he turned eighteen.

## IV.

Finally, Machen contends that the district court's failure to instruct the jury on ratification was plain error. "We review jury instructions as a whole to determine whether they adequately inform the jury of relevant considerations and provide a sound basis in law to aid the jury in reaching its decision." *United States v. Layne*, 192 F.3d 556, 574 (6th Cir. 1999). Under the plain-error standard, "we may reverse if (1) there was error that (2) was plain, (3) affected a substantial right, and (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Martin*, 520 F.3d 656, 658 (6th Cir. 2008) (quoting *United States v. Oliver*, 397 F.3d 369, 378 (6th Cir. 2005)); *see also United States v. Olano*, 507 U.S. 725, 734 (1993).

Reversal is warranted here. The law is clear that when the government charges a defendant with participation in an age-of-majority-spanning conspiracy, the government must prove that the defendant "ratified" his participation in the conspiracy after he turned eighteen, and the defendant's liability may not be premised on his conduct as a minor. *Maddox*, 944 F.2d at 1233. In such a prosecution, the defendant's age at the time of his actions is as dispositive of his guilt as the actions themselves; yet Machen's jury was not instructed to consider the issue at

all. *Layne*, 192 F.3d at 574. This was "error" that was "plain" under the first two elements of the plain-error test.

The third and fourth elements are also satisfied. To determine whether the error affected Machen's substantial rights, we ask whether the error affected the outcome of the district court proceedings. *United States v. Knowles*, 623 F.3d 381, 386 (6th Cir. 2010) (citing *Olano*, 507 U.S. at 734). Although a rational jury *could* have found that Machen ratified his participation in the conspiracy after he turned eighteen, it is far from clear that a properly instructed jury *would* have reached that conclusion. The majority of the government's evidence against Machen concerned Machen's conduct as a minor. The jury heard testimony that Machen was a founding member of LSP, sold Wayne Kerns his first gun, followed and threatened a cooperating witness, and was arrested four times for possession of firearms, marijuana or both. In one of those incidents, Machen was wearing a bulletproof vest. In another, he was caught attempting to hide seven bags of marijuana between his butt cheeks. This conduct all took place before Machen's eighteenth birthday. The evidence of Machen's post-majority conduct is meager in comparison. Because the evidence of Machen's pre-majority conduct was so substantial and the jury was never instructed, or advised in any manner, that it could not base a guilty verdict on these actions and had to find post-majority ratification, it is highly likely that the jury convicted Machen based on his conduct as a minor, in violation of both *Maddox* and the FJDA. Under these circumstances, the district court's failure to instruct the jury on ratification affected Machen's substantial rights and the fairness and integrity of the proceedings, and requires correction. We VACATE the conviction and REMAND for further proceedings consistent with this opinion.

**SUHRHEINRICH, J., dissenting:**  The majority finds the evidence sufficient for the jury to have found that Machen ratified his membership in the conspiracy after he turned eighteen because two other members of the conspiracy testified that he was still a gang member in 2011 and the government offered evidence that "Machen participated in Royal's initiation into the gang after he turned eighteen."  Nonetheless, the majority holds that the district court erred by failing to instruct the jury on ratification despite Machen's failure to request such an instruction because "[t]he evidence of Machen's pre-majority conduct was so substantial," and the evidence of Machen's post-majority conduct was so "meager in comparison," that the jury must have based the guilty verdict on the pre-majority conduct.  This reasoning ignores the majority's own finding that there was sufficient evidence to establish that Machen ratified his membership in the conspiracy after he turned eighteen by participating in a gang initiation.  The act of participating in a gang initiation is not an insubstantial act.  Indeed, it is clearly an act that furthers the conspiracy and reaffirms membership in the conspiracy.  In light of this substantial fact, I do not see how the error affected Machen's substantial rights, because, as the majority found, this evidence was sufficient for the jury to conclude that Machen had participated in the conspiracy after his eighteenth birthday. *See United States v. Maddox*, 944 F.2d 1223, 1234 (6th Cir. 1991).  For this reason, I would affirm Machen's conviction.