WOLLMAN, Circuit Judge.
Angela Johnson was convicted of five counts of aiding and abetting murder in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2. She was sentenced to death for four of the murders and to life imprisonment without possibility of parole for the fifth. The district court vacated the sentences after it determined that Johnson’s trial counsel had rendered ineffective assistance during the sentencing hearing.
The district court limited the scope of the sentencing rehearing. It ordered that the original jury’s decision that Johnson was eligible for the death penalty would stand and that the new jury would decide only the penalty to be imposed for each count of conviction. In doing so, the district court disallowed the government from presenting evidence to prove an aggravating factor that the original jury did not unanimously find. The government filed this interlocutory appeal from the district court’s order, arguing that 21 U.S.C. § 848 requires a full sentencing rehearing — that is, that the statute requires the new jury to decide whether Johnson is eligible for the death penalty and whether the death penalty should be imposed. Relatedly, the government argues that the district court erred in excluding evidence. We vacate the district court’s order in part and remand the case for further proceedings.
I. Background
A. Statutory Background
Under the Anti-Drug Abuse Act (ADAA), the government may seek the death penalty for the offense of murder in furtherance of a continuing criminal enterprise. See 21 U.S.C. § 848(e)(1)(A), § 848(h). The government must file notice of its intent to do so and set forth the aggravating factors that it will try to prove as the basis for the death penalty. § 848(h). If the jury returns a guilty verdict, the district court must “conduct a separate sentencing hearing to determine the punishment to be imposed.” § 848(i)(l). If redetermination of a sentence under the ADAA is necessary, the sentencing rehearing must be conducted “before a jury impaneled for the purpose of the hearing[.]” § 848(i)(l)(B)(iv). We have held that a district court may bifurcate a capital sentencing hearing into an *939 “eligibility phase” and a “[penalty-jselection phase.” United States v. Bolden, 545 F.3d 609, 618-19 (8th Cir.2008) (applying the Federal Death Penalty Act, 18 U.S.C. § 3593).
The ADAA sets forth what the jury must consider and decide during the sentencing hearing. “The jury ... shall consider all information received during the hearing. It shall return special findings identifying any aggravating factors set forth in subsection (n) of this section, found to exist.” § 848(k). The defendant is eligible for the death penalty only if the jury unanimously finds that the government has proved at least one of the aggravating factors set forth in § 848(n)(l) and at least one of the aggravating factors set forth in § 848(n)(2)-(12). § 848(k) (setting forth the findings the jury must return and requiring that “[a] finding with respect to any aggravating factor must be unanimous”); see § 848(j) (requiring the government to prove beyond a reasonable doubt the existence of any aggravating factor). If the jury finds the defendant eligible, it then decides whether the death penalty should be imposed. In making that decision, the jury considers whether the government proved any of the non-statutory aggravating factors that were alleged in the notice of intent and whether the defendant proved any mitigating factors. See § 848(j) (requiring the defendant to prove by a preponderance of the evidence the existence of any mitigating factor); § 848(k) (providing that a finding with respect to a mitigating factor may be made by one or more of the members of the jury, who can then weigh that factor). The jury must then weigh the statutory and non-statutory aggravating factors that it unanimously found to exist, along with any mitigating factors that any juror found to exist, to determine the defendant’s sentence.[1]
B. Factual and Procedural Background
In July 1993, Johnson helped Dustin Honken abduct and kill Greg Nicholson, Lori Duncan, and Duncan’s young daughters, Kandi and Amber. A few months later, she helped Honken kill Terry De-Geus. Both Nicholson and DeGeus had distributed methamphetamine that they had purchased from Honken and were killed after police began investigating their involvement in the drug enterprise led by Honken. Johnson was charged with five counts of aiding and abetting murder in furtherance of a continuing criminal enterprise, among other crimes.
The government filed its notice of intent to seek the death penalty, setting forth the statutory and non-statutory aggravating factors that it would seek to prove at the sentencing hearing. After the jury found Johnson guilty of the murder charges, the district court held a separate sentencing hearing to determine the punishment to be imposed.[2] The district court bifurcated *940 the sentencing hearing, so that the jury was first required to decide whether Johnson was eligible for the death penalty and then,- if it found her eligible, to decide whether she should be sentenced to death or life imprisonment.
During the eligibility phase of the sentencing hearing, the jury heard only argument from counsel; no evidence was presented. The jury found that Johnson was eligible for the death penalty on each count of conviction because the government had proved certain statutory aggravating factors. Specifically, the jury found that Johnson had “intentionally engaged in conduct intending that [each victim] be killed or that lethal ftgce be employed against the victim, which resulted in the death of the victim.” See § 848(n)(l)(c). With respect to Nicholson, Lori Duncan, and DeGeus, the jury also found that Johnson had committed each offense in an especially heinous, cruel, or depraved manner in that each offense involved torture and serious physical abuse to the victim. See § 848(n)(12). The jury determined that the children, Kandi and Amber, were particularly vulnerable due to their young ages. See § 848(n)(9). Although the government had alleged that Johnson committed each offense after substantial planning and premeditation, the jury unanimously found that factor only as to the murder of DeGeus. See § 848(n)(8).
After the jury returned its eligibility verdict, the government presented evidence to support the non-statutory aggravating factors that it had alleged, and Johnson presented mitigating evidence. The jury was instructed to weigh the statutory aggravating factors that it had found in the eligibility phase, together with any of the non-statutory aggravating factors and mitigating" factors that it found in the penalty-selection phase, to determine whether to impose a sentence of death or life imprisonment on each count. The jury returned a sentence of life imprisonment for the murder of Nicholson and sentences of death for the murders of Lori Duncan, Kandi Duncan, Amber Duncan, and De-Geus.
.On direct appeal, we affirmed the five counts of conviction for aiding and abetting murder in furtherance of a continuing criminal enterprise and the sentences imposed on those counts. United States v. Johnson, 495 F.3d 951 (8th Cir.2007). The United States Supreme Court denied Johnson’s petitions for certiorari and for rehearing. Johnson v. United States, 555 U.S. 828, 129 S.Ct. 32, 172 L.Ed.2d 46 (2008) (denying cert.), 555 U.S. 1081, 129 S.Ct. 756, 172 L.Ed.2d 747 (2008) (denying rehearing).
After her direct appeal concluded, Johnson moved to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The district court held four evidentiary hearings, spanning eighteen days. After considering the witnesses’ testimony, extensive documentary evidence, and the parties’ briefing and argument, the district court granted Johnson’s motion in part. The district court concluded that Johnson’s counsel had failed to investigate and present certain mitigating evidence. The order gave the government sixty days to request a new sentencing hearing or to withdraw the notice of intent to seek the death penalty. The district court indicated that if the notice were withdrawn, it would enter a sentence of life imprisonment without parole.
The government thereafter requested a new sentencing hearing. It relied upon the same statutory aggravating factors that were submitted to the original jury *941 during the eligibility phase of Johnson’s sentencing hearing, including whether Johnson had substantially planned and premeditated the five murders. As set forth above, the original jury had returned a unanimous verdict on that factor only as to the murder of DeGeus.
Johnson moved to dismiss the substantial planning and premeditation statutory aggravating factor, among others. She argued that the new jury should be bound by the original jury’s findings with respect to the statutory aggravating factors, including the original jury’s finding that the government had not proved beyond a reasonable doubt that Johnson had substantially planned and premeditated the murders of Nicholson and the Duncans. Johnson thus argued that the original jury’s determination that she was eligible for the death penalty should stand and that only the penalty-selection phase of the sentencing hearing should be retried. The government responded that § 848 requires one sentencing rehearing, even if the original sentencing hearing was bifurcated and there was reversible error only in the penalty-selection phase. The district court rejected the government’s argument:
[T]he [sentencing rehearing] here is properly limited to a retrial of the “penalty phase,” involving the determination of the existence of “nonstatutory aggravating factors” and “mitigating factors” by the new jury and the new jury’s weighing of the “statutory aggravating factors” found by the original jury with the “non-statutory aggravating factors” found by the new jury against any “mitigating factors” found by the new jury.
D. Ct. Order of Jan. 16, 2013, at 13-14. Consistent with this limitation, the district court ruled that it would not admit “any evidence of ‘substantial planning and premeditation’ relating to any of the [continuing criminal enterprise] murders other than the murder of Terry DeGeus .... for the purpose of reopening the consideration of that ‘statutory aggravating factor’ as to th[e] other murders.” Id. at 21.
The government appeals from the district court’s order limiting the sentencing rehearing to the penalty-selection phase and excluding evidence offered to prove that Johnson substantially planned and premeditated the murders of Nicholson, Lori Duncan, Kandi Duncan, and Amber Duncan.
II. Jurisdiction
Johnson argues that we do not have jurisdiction to decide this interlocutory appeal. Title 18, United States Code, section 3731, allows the government to appeal from orders suppressing or excluding evidence in certain circumstances:
An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence ... not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for the purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.
Johnson argues that the district court’s order did not suppress or exclude evidence because the order indicated that the government would be permitted to introduce the evidence underlying the substantial planning and premeditation of the murders, so long as it was not introduced for the purpose of proving that statutory aggravating factor as to the murders of Nicholson and the Duncans. Section 3731, however, does not require that the order suppress or exclude evidence for all purposes. “Such a construction ... would *942 contravene not only § 3731’s plain language, but also Congress’s express desire to allow Government appeals from all pretrial orders suppressing or excluding evidence in criminal proceedings.” United States v. Delatorre, 157 F.3d 1205, 1208-09 (10th Cir.1998) (citing S.Rep. No. 91-1296, at 18 (1970), 1970 U.S.C.C.A.N. 3794); see United States v. Wilson, 420 U.S. 332, 337, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975) (“[T]he legislative history [of § 3731] makes it clear that Congress intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit”). The district court here entered an order excluding evidence, and there is no dispute that the remaining requirements of § 3731 have been met. We thus have jurisdiction to consider the government’s appeal.
III. Discussion
To determine whether the district court’s exclusion of evidence was proper, we must first consider whether § 848 permits a partial sentencing rehearing before the new jury or whether the statute requires the new jury to decide (1) whether the defendant is eligible for the death penalty and (2) whether the defendant should be sentenced to death. If the statute requires a full sentencing rehearing, the district court erred in excluding categorically any evidence offered to prove that Johnson substantially planned and premeditated the murders of Nicholson and the Dun-cans. We review the antecedent question of statutory interpretation de novo. See United States v. Tebeau, 713 F.3d 955, 959 (8th Cir.2013) (reviewing de novo the interpretation and application of a statute); see also Delatorre, 157 F.3d at 1208 (reviewing de novo “the legal questions involved in this appeal”).
Johnson argues that the district court properly granted partial retrial of the sentencing hearing. She contends that the district court tailored the sentencing rehearing to address the constitutional error in Johnson’s first trial, ineffective assistance of counsel during the penalty-selection phase of the sentencing hearing. Because a district court may, as a matter of trial management, bifurcate a sentencing hearing, see Bolden, 545 F.3d at 618-19, Johnson argues that the district court here is able to limit the sentencing rehearing to the penalty-selection phase. We disagree.
The ADAA provides that, in certain circumstances, the jury that determines a defendant’s sentence may be different from the jury that determined the defendant’s guilt. See § 848(i)(1)(B)(iii)-(iv). For example, when the original jury has been discharged for good cause or when a defendant’s original sentence has been vacated and must be redetermined, the district court must conduct a sentencing hearing “before a jury impaneled for the purpose of the hearing.” Id. In those cases, the information presented to the new jury may include transcripts and exhibits from the trial on the defendant’s guilt. § 848(j). The statute thus contemplates that, in certain circumstances, two different juries will serve on a capital case — one jury will decide the defendant’s guilt, and a different jury will decide the defendant’s sentence — and it provides guidance regarding the information that may be presented to the jury that will decide the defendant’s sentence.
In contrast, the ADAA requires that one jury decide a defendant’s sentence. The statute does not contemplate a capital sentencing procedure that would allow one jury to determine the defendant’s eligibility for the death sentence and a different jury to decide the defendant’s punishment. Sections 848(g) through (o) repeatedly and unambiguously refer to “a jury” or “the *943 jury” and “a hearing” or “the hearing,” and the sentencing procedures set forth in the ADAA do not permit a capital sentence to be imposed based on the findings of two different juries made after two separate sentencing hearings.
For the jury to complete all the tasks § 848(j) and (k) require, the district court must conduct a full sentencing rehearing. As § 848(k) provides, the jury must consider all information received during the sentencing hearing, return its findings as to the statutory aggravating factors, and, if necessary, decide the defendant’s punishment by considering whether the statutory and non-statutory aggravating factors outweigh any mitigating factors. Section 848(k) also explains that the jury’s findings with respect to the aggravating factors must be unanimous, but that findings with respect to mitigating factors need not be. Moreover, different burdens of proof apply to aggravating and mitigating factors. § 848(j). Accordingly, a jury charged with determining a defendant’s sentence must consider the evidence, apply the correct standards, make certain findings, weigh the aggravating and mitigating factors, and return its verdict. To fulfill these responsibilities, the new jury cannot be bound by the findings of the original jury.
The district court’s approach to Johnson’s sentencing rehearing contradicts the procedure set forth in § 848(j) and (k) in that the new jury would not decide whether the government has proved beyond a reasonable doubt the statutory aggravating factors set forth in the notice of intent to seek the death penalty. The new jury would be ordered to accept the eligibility-phase findings of the original jury. It would be required to decide Johnson’s sentence by weighing the original jury’s findings on the statutory aggravating factors with any findings it makes on the non-statutory aggravating factors and mitigating factors. Because this approach does not follow the procedures set forth in § 848(j) and (k), it violates § 848(g), which allows the imposition of the death sentence “only if a hearing is held in accordance with this section[,]” and § 848(i), which requires the rehearing to be conducted “before a jury impaneled for the purpose of the hearing.”
The new jury must determine for itself whether the government has proved the statutory aggravating factors alleged in the notice of intent to seek death penalty. If it finds that the defendant is eligible for the death penalty, it must weigh those statutory aggravating factors it found beyond a reasonable doubt with any non-statutory aggravating factors it finds beyond a reasonable doubt against any mitigating factors any juror finds. The new jury must engage in the entire process of finding and weighing those factors to determine the defendant’s sentence. We thus hold that the district court must conduct a full sentencing rehearing.
Our holding accords with our precedent that a district court may bifurcate a capital sentencing hearing. See Bolden, 545 F.3d at 618-19. When a district court exercises its discretion to bifurcate a sentencing hearing, the eligibility phase and penalty-selection phase together comprise the sentencing hearing prescribed by the statute. Bifurcation thus does not run afoul of the ADAA’s sentencing procedures. See id. at 618 (rejecting the government’s argument that bifurcation is statutorily impermissible and remarking that “the statute contemplates but does not require a single penalty phase proceeding”). Although a bifurcated hearing is conducted in two phases, the district court conducts only one sentencing hearing and only one jury decides whether the defendant is eligible for the death penalty and whether the death penalty should be imposed.
*944 IV. Conclusion
We hold that the district court must conduct a full sentencing rehearing and that it erred in categorically excluding evidence offered to prove that Johnson substantially planned and premeditated the murders of Nicholson, Lori Duncan, Kandi Duncan, and Amber Duncan. The case is remanded for proceedings consistent with this opinion.

. The sentencing procedures set forth in 21 U.S.C. § 848 (2000) were repealed after Johnson was convicted and sentenced. See USA PATRIOT Improvement and Reauthorization Act of 2005, Pub.L. No. 109-177, § 221, 120 Stat. 192, 231 (2006) (striking 21 U.S.C. § 848(g)-(p)). The district court has ruled that Johnson’s sentencing rehearing “will proceed to a 'penalty retrial,' pursuant to the provisions of former § 848(g)-(r)[.]” D. Ct. Order of Oct. 25, 2012, at 6. The parties do not challenge that ruling on appeal, and this opinion applies the provisions of § 848 that were codified in 2000 and later repealed.

. Johnson also was convicted of five counts of aiding and abetting murder while engaging in a drug conspiracy. Those convictions were vacated as multiplicitous of the convictions for aiding and abetting murder in furtherance of a continuing criminal enterprise. See United States v. Johnson, 495 F.3d 951, 980-81 (8th Cir.2007) (remanding with instructions to vacate the multiplicitous convictions and sentences); D. Ct. Order of June 11, 2009 *940 (vacating the convictions and sentences for conspiracy murder).